## PEOPLE v ROBINSON

1. CRIMINAL LAW—RIGHT TO COUNSEL—POLICE QUESTIONING—EVI-
   DENCE—ADMISSIBILITY.

   A defendant has the right to have an attorney present during questioning by police, and a defendant's statement to police made during questioning is not admissible at trial where the defendant's request for an attorney is not honored.

2. CRIMINAL LAW—RIGHT TO COUNSEL—POLICE QUESTIONING—WAIVER
   —EVIDENCE—ADMISSIBILITY.

   Admission in evidence of a defendant's statement to police was not reversible error, although the defendant had requested that an attorney be present during the questioning and one was not provided, where (1) the entire exchange between the defendant and police indicates the request for counsel was waived, (2) the waiver was not a result of abuse, argument or persuasion, (3) there was no objection to admission of the statement, and (4) there was no miscarriage of justice (MCLA 769.26; MSA 28.1096).

3. CRIMINAL LAW—APPEAL AND ERROR—PRESERVING ERROR—OBJEC-
   TIONS.

   Alleged error in admitting testimony of prosecution witnesses concerning threats made by a defendant is not preserved for appellate review where defense counsel, after his objection to such testimony by one prosecution witness was sustained, reintroduced the matter himself, and where he failed later to object when the prosecution again raised the matter.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 21 Am Jur 2d, Criminal Law § 312 *et seq.*

[3] 5 Am Jur 2d, Appeal and Error §§ 545, 553.

[4] 30 Am Jur 2d, Evidence § 1022.

   75 Am Jur 2d, Trial §§ 166, 167, 708.

[5] 40 Am Jur 2d, Homicide § 531.

   Absence of evidence supporting charge of lesser degree of homicide as affecting duty of court to instruct as to, or right of jury to convict of, lesser degree. 102 ALR 1019.

4. Criminal Law—Prosecutor's Remarks—Objections—Miscar-
riage of Justice—Curative Instructions—Appeal and Er-
ror.
   A defendant's conviction will not be reversed because of a prose-
   cutor's allegedly prejudicial statements where no objection was
   made, there was no miscarriage of justice, and any prejudice
   could have been cured by instruction.

5. Homicide—Murder—Manslaughter—Voluntary—Involuntary
—Instructions to Jury.
   Instructions to the jury which fail to distinguish between involun-
   tary and voluntary manslaughter do not result in reversible
   error where the defendant is convicted of second-degree mur-
   der.

Appeal from Saginaw, Eugene Snow Huff, J. Submitted February 5, 1976, at Grand Rapids. (Docket No. 21877.) Decided February 26, 1976.

Hesikiah Robinson was convicted of second-degree murder. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *E. Brady Denton, Jr.,* Prosecuting Attorney, and *James I. Bearinger,* Chief Assistant Prosecuting Attorney, for the people.

*Thomas J. Demetriou,* for defendant.

Before: Quinn, P. J., and J. H. Gillis and Allen, JJ.

Quinn, P. J. Charged with second-degree murder, MCLA 750.317; MSA 28.549, and tried by a jury, defendant was convicted of the charged offense. Following the sentence he appeals on the basis of six alleged reversible errors.

1. *"Did the testimony of a Policeman regarding portions of defendant's statement which was deemed inadmissible at a Walker hearing consti-*

*tute prejudicial error, when the inadmissible statement was used to impeach the subsequent admissible statement given to police?"*

The record fails to support this allegation. Defendant gave statements February 1, 15 and 19, 1974. A *Walker* hearing was had to determine the admissibility of these statements. The trial judge ruled that the February 19th statement was admissible; that the February 15th statement might be inadmissible if objected to at trial; and the February 1st statement was not ruled on. The only statement offered and admitted was that of February 19th. The only reference to the February 15th statement at trial was during defendant's cross-examination of witness Smith. The police testimony referred to in this first issue related to the February 1st statement.

2. *"Did the trial court err in ruling that the February 19 statement of defendant to police was admissible?"*

This issue is raised by the following exchanges between the interrogator, Detective Smith, and defendant before the February 19th statement was taken:

"You have the right to remain silent. Anything you say can and will be used against you in a Court of law. You have the right to have an attorney present and have him with you while you are being questioned.

"If you cannot afford to hire an attorney, one will be appointed to represent you before any questioning, if you wish.

"Now, you understand these rights that we have explained to you?

*"Mr. Robinson:* (Witness nods head.)

*"Detective Smith:* You can decide at any time to stop making any statements or answering any questions. You understand?

*"Mr. Robinson:* Yes.

*"Detective Smith:* Okay. Having these rights in mind and understanding these rights that you have been informed of, do you wish to make a statement to us this morning?

*"Mr. Robinson:* If I had an attorney—

*"Detective Smith:* Beg your pardon?

*"Mr. Robinson:* If I had an attorney here with me this morning—

*"Detective Smith:* If you had an attorney with you this morning. Are you saying you don't want to make the statement to us now?

*"Mr. Robinson:* Unless I had an attorney here.

*"Detective Smith:* Unless you had an attorney?

*"Mr. Robinson:* Yes.

*"Detective Smith:* Well, this is a right of yours to have an attorney with you. As long as you understand these rights, this is your right to have an attorney before any questions—before you make any statements, but this is the same thing that we talked about yesterday, I mean the same statement that you made to us Friday that we have taped and we just want to—

*"Mr. Robinson:* Go over it again?

*"Detective Smith:* We want to make this statement right in the presence of the court reporter.

*"Mr. Robinson:* Okay.

*"Detective Smith:* Now, you understand though you are entitled to have an attorney?

*"Mr. Robinson:* Yes.

*"Detective Smith:* But you wish to make a statement to us now?

*"Mr. Robinson:* Yes, I do.

*"Detective Smith:* Okay."

This is a close question because it is a judgment call as to the meaning of the total exchange quoted above. Certainly, at one point there seems to be a clear request by defendant to have an attorney present before proceeding. If this is the ultimate judgment, admissibility was precluded

under *Miranda v Arizona,* 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694 (1966).

However, when the entire exchange is read, it is equally apparent that defendant waived the request for counsel. The February 19th statement was not objected to at trial; the record shows no abuse of defendant, and it requires a strained interpretation of the language used to say it constituted argument or persuasion. The long established policy expressed in MCLA 769.26; MSA 28.1096 should control in this situation and we so hold. It does not affirmatively appear that the error complained of has resulted in a miscarriage of justice.

3. *"Were the references by prosecution witnesses of alleged prior threats of defendant to the deceased admissible?"*

The evidence referred to in this issue was first introduced as an unresponsive answer to a question by defense counsel. It was not objected to. The second time the matter was raised, it was raised by the prosecutor and defendant objected. The objection was sustained and the judge gave a curative instruction. We find that later references to these threats by the prosecutor have not been saved for review. After the objection to the testimony about threats was sustained, the first time the matter was again raised, it was raised by defendant's counsel. Defendant never thereafter objected. We find that by reintroducing this matter and failing later to object the matter has not been preserved for review.

4. *"Was it prejudicial error for the court to allow into evidence testimony concerning the basis for a search warrant, when said basis included allegations of prior threats made to the victim by defendant?"*

We consider our ruling on the third issue to be dispositive of this fourth issue.

5. *"Were the prosecutor's comments in his closing argument so prejudicial and inflammatory as to deprive the defendant of a fair trial?"*

None of the presently objected to comments were objected to at trial and all could have been cured by instruction if so requested. None have been saved for review and none constitute a miscarriage of justice.

6. *"Did the trial court fail to properly instruct the jury in failing to distinguish between involuntary and voluntary manslaughter?"*

Since defendant defended on the basis of accident, the trial judge should have distinguished between involuntary and voluntary manslaughter. However, due to the fact that the jury convicted of second-degree murder, we can find no reversible error in this omission.

Affirmed.